UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CIARA CRYSTALYN MARIE B.,

                        Plaintiff,          DECISION AND ORDER
                                                 1:25-CV-03299-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In September of 2019, Plaintiff Ciara Crystalyn Marie B.[1] applied for

Supplemental Security Income benefits under the Social Security Act. The

Commissioner of Social Security denied the application.  Plaintiff,

represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel,

commenced this action seeking judicial review of the Commissioner's

denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties

consented to the jurisdiction of a United States Magistrate Judge. (Docket

No. 8).

This case was referred to the undersigned on June 17, 2026.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 16). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on September 20, 2019, alleging disability beginning February 1, 2019. (T at 160-68).[2]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on April 30, 2020, before ALJ Elias Feuer. (T at 25-61).  The ALJ issued a decision denying the application for benefits on July 31, 2020. (T at 8-24).  The Appeals Council denied Plaintiff's request for review (T at 1-5) and Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review.

On September 20, 2022, the Honorable James L. Cott, United States Magistrate Judge, issued an Opinion and Order remanding the case for further administrative proceedings. (T at 622-47).

A second hearing was held before the same ALJ on May 23, 2024. (T at 556-88).  Plaintiff appeared with an attorney and testified. (T at 574-82).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9 & 10.

The ALJ also received testimony from Dr. Cosgrove (a medical expert) (T at 560-72) and Yaakov Taitz (a vocational expert). (T at 583-87).

*B.    ALJ's Decision*

On June 24, 2024, the ALJ issued a second decision denying the application for benefits. (T at 666-88).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 16, 2019 (the date she applied for benefits). (T at 671).

The ALJ concluded that Plaintiff's bipolar disorder, depression, personality disorder, and alcohol and marijuana use disorder (in remission) were severe impairments as defined under the Social Security Act. (T at 672).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 672).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: she can perform simple, routine, and repetitive tasks and make simple work-related decisions; she can occasionally interact with coworkers

and supervisors, but never interact with the public; and she cannot perform production-rate work. (T at 674).

The ALJ found that Plaintiff had no past relevant work. (T at 679).

Considering Plaintiff's age (29 on the application date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 679).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 16, 2019 (the application date) and June 24, 2024 (the date of his decision). (T at 30).

On February 25, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 549-55).

C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on April 21, 2025. (Docket No. 1).  On October 9, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 16, 17).  On March 4, 2026, the Commissioner interposed a brief in opposition to the motion and requesting

judgment on the pleadings. (Docket No. 21).  On March 19, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 22).

## II.   APPLICABLE LAW

### A.     Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire

record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

7

### III.   DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she challenges the ALJ's assessment of her ability to meet the mental demands of basic work activity.  Second, Plaintiff argues that the ALJ failed to properly consider the impact of her obesity.  The Court will address each argument in turn.

*A.   RFC*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, *2 (July 2, 1996)).

When assessing a claimant's RFC, an ALJ is obligated to consider medical opinions on a claimant's functioning based on an assessment of the record as a whole. 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

It is the Commissioner's role to weigh the record evidence and to resolve conflicts. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d

8

Cir. 2012); *Veino v. Barnhart*, 312 F. 3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Here, as noted above, the ALJ concluded that Plaintiff retained the RFC to meet the mental demands of basic work activity, with the following limitations: she can perform simple, routine, and repetitive tasks and make simple work-related decisions; occasionally interact with coworkers and supervisors, but never interact with the public; and cannot perform production-rate work. (T at 674).

For the following reasons, the Court finds the ALJ's decision is supported by substantial evidence.

First, the RFC determination is supported by the weight of the medical opinion evidence. In October of 2019, Dr. A. Chapman, a non-examining State Agency review physician, assessed mild impairment in Plaintiff's ability to understand, remember, or apply information; moderate limitation with respect to social interaction; moderate impairment with respect to concentration, persistence, and pace; and mild limitation in adapting or managing herself. (T at 65). Dr. E. Kamin, another State Agency review physician, reached the same conclusion in November of 2019. (T at 75).

9

Dr. Kathleen Acer performed a consultative psychiatric evaluation in October of 2023.  She diagnosed major depressive disorder and panic attack disorder. (T at 904).  Dr. Acer opined that Plaintiff had no limitation with respect to understanding, remembering, or applying simple instructions and directions; using reason and judgment; interacting with others; sustaining an ordinary routine; maintaining personal hygiene; and being aware of normal hazards. (T at 904).  Dr. Acer assessed moderate impairment in Plaintiff's ability to understand, remember, and apply complex instructions and directions; sustain attention and concentration; and regulate emotions. (T at 904).

Dr. Coleman Cosgrove reviewed the record and testified at the second administrative hearing.  Dr. Cosgrove opined that Plaintiff had moderate limitation with respect to all the domains of mental functioning. (T at 563). Dr. Cosgrove believed Plaintiff could: understand and remember simple instructions and procedures consistent with unskilled work; maintain concentration, pace, and persistence for unskilled tasks; engaged in occasional interactions with coworkers, supervisors, and the public; and adapt to a low demand work setting consistent with unskilled work with non-fast-paced production quotas. (T at 563-65).

Dr. Joan Roig-Lleusy completed a medical source statement in December of 2019.  She reported treating Plaintiff since January of that year for monthly medication appointments and since November for weekly psychotherapy. (T at 388).  She diagnosed bipolar I disorder, major depressive disorder recurrent, and borderline personality disorder. (T at 388).  Dr. Lleusy assessed moderate to marked impairment with respect to Plaintiff's ability to meet the mental demands of basic work activity, with extreme limitation in her capacity to deal with stress and accept instructions and respond appropriately to criticism from supervisors. (T at 390).  She opined that Plaintiff would be absent from work more than 3 times per month, would have frequent deficiencies of concentration, persistence, or pace; and would experience episodes of deterioration or decompensation in work or work-like settings. (T at 389, 391).

The ALJ concluded that Plaintiff had moderate impairment in all four domains of mental functioning. (T at 672-73).  This conclusion is supported by the medical opinion evidence outlined above.

The ALJ found Dr. Lleusy's assessment of some marked and extreme limitations not persuasive.  (T at 673).  This conclusion was supported by the other opinion evidence and as discussed further below,

was based on a reasonable reading of the record and appropriate consideration of Plaintiff's activities of daily living.

Moreover, the ALJ adequately accounted for Plaintiff's moderate mental limitations, including impairment with respect to social interaction, sustaining a schedule, and concentrating, by limiting her to unskilled work, requiring no production-rate tasks and involving no contact with the public and only occasional interaction with supervisors and co-workers. (T at 674). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at \*18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

Second, the ALJ's RFC determination is based on a reasonable reading of the record.  Although Plaintiff consistently complained of depression, anxiety, and other psychiatric symptoms, mental status

examinations generally showed appropriate attention and a cooperative attitude. (T at 299-300, 303-04, 307, 310, 315, 318, 321, 324, 328, 333-34, 347, 351, 354-55, 435-36, 439, 442, 512, 519-20, 523-24, 896-97, 996, 1005, 1008, 1011, 1014, 1021, 1030, 1033, 1037, 1046, 1049-50, 1056, 1102).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Plaintiff argues that the ALJ did not adequately address evidence in the record suggesting a greater degree of impairment. Notably, however, an ALJ need not address every piece of conflicting evidence. The Court finds that the ALJ's analysis, which recognized and incorporated the evidence of impairment, and which is consistent with multiple medical opinions as summarized above, must be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

Third, the ALJ's assessment of moderate impairment in Plaintiff's mental functioning is supported by Plaintiff's activities of daily living, which included childcare, preparation of meals, using public transportation, and shopping. (T at 194-203, 679). While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may

14

discount an assessment of extreme impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See, e.g., Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).[3]

### B. Obesity

An ALJ must consider the effects of obesity when determining disability. *See* SSR 00–3p; *Battle v. Colvin*, No. 13–CV–547–JTC, 2014 WL 5089502, at *5 (W.D.N.Y. Oct. 9, 2014)("[W]here the record contains evidence indicating limitation of function due to obesity, the ALJ must consider the effect of obesity on the claimant's ability to do basic work activities at steps two through four of the sequential evaluation process.").

However, "the ALJ's obligation to discuss a claimant's obesity alone, or in combination with other impairments, diminishes where evidence in the record indicates the claimant's treating or examining sources did not

---

[3] Plaintiff also argues that the ALJ did not give sufficient consideration to her subjective complaints of medication side effects, including fatigue, insomnia, stomach pain and nausea, vomiting, and difficulty concentrating. The ALJ found Plaintiff's subjective statements "not fully supported by the medical evidence." (T at 675). As set forth above, the ALJ's decision is supported by a reasonable reading of the record and appropriate reconciliation of the medical opinion evidence and must therefore be sustained under the deferential standard of review applicable here.

consider obesity as a significant factor in relation to the claimant's ability to perform work related activities.'" *Id.* (quoting *Farnham v. Astrue*, 832 F.Supp.2d 243, 261 (W.D.N.Y.2011))(collecting cases); *see also Browne v. Comm'r of Soc. Sec.*, 131 F. Supp. 3d 89, 102 (S.D.N.Y. 2015).

The ALJ recognized that Plaintiff was obese but found her obesity to be a non-severe impairment because it did not cause more than minimal limitation in Plaintiff's ability to perform basic work activities. (T at 672). The Court finds no reversible error in this aspect of the ALJ's decision. Plaintiff points to no evidence of additional work-related limitations specifically related to obesity that the ALJ failed to consider or incorporate. *See Browne v. Comm'r of Soc. Sec.*, 131 F. Supp. 3d 89, 101 (S.D.N.Y. 2015); *Mota v. Comm'r of Soc. Sec.*, No. 20-CV-07294 (SN), 2022 WL 464098, at *12 (S.D.N.Y. Feb. 15, 2022).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED; the Commissioner is GRANTED judgment on the pleadings; and this case is DISMISSED.  The Clerk is directed to enter final judgment in favor of the Commissioner and then

close the file.


Dated: June 29, 2026          *s / Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Jud


17